DECISION
A trial was convened on February 12, 2009, in Salem, Oregon. Earl A. Doman, Certified Public Accountant, represented Plaintiffs. Laureen R. Bahr provided sworn testimony. Bruce McDonald, Tax Auditor, represented Defendant.
At issue is whether four parcels of land qualify for Internal Revenue Code (IRC) Section 1031 deferred tax treatment for the 2005 tax year. Defendant made its adjustments based on the conclusion that the properties were held for sale and not as a mere investment.
The parties agree the sole issue is whether the $127,188 reported on Form 8824 qualifies for deferred tax treatment.
 I. STATEMENT OF FACTS
The essential facts are not in dispute. Sometime prior to 1996, Plaintiffs were in an informal partnership with Rod and Loretta Lent (Lents). Ms. Lent is Laureen Bahr's sister. At *Page 2 
that time, they owned a duplex together. In 1996, they exchanged the duplex for five acres of vacant land at 1090 Clearlake Road NE in Keizer, Oregon. The parties agree that, at this point in time, Plaintiffs were clearly considered "investors" in the property.
In 2001 and 2002, the Lents built a personal residence at the back of the property. In March of 2004, the partnership submitted an application to the City of Keizer seeking permission to subdivide the property into 27 individual lots. At that time, Plaintiffs agreed "at the beginning that 22 lots were to be sold to Darrell Beam Construction." (Def's Position Paper at 1.) The application was approved and the subdivision site work was done later in 2004. That development work included placing roads, underground utilities, excavation, engineering, permits and other indirect costs. (Id.) The total spent on development was $524,038. (Id.) Following those improvements to the land, the first lots were sold on January 7, 2005. (Id.)
Laureen R. Bahr testified at trial. She stated that Darell Beam Construction initially offered $60,000 per acre for the raw land in its entirety. He also offered to pay $58,000 per developed lot if it were instead divided by the partnership. That computed to a net gain of over $700,000 after the development costs were deducted. Plaintiffs were not actively involved in the development efforts. Ms. Bahr testified she was busy during this period attending nursing school; she testified she never viewed or inspected the project. Any business coordination was primarily handled by the Lents. She stated the land was improved "to increase the sale price of our investment." Plaintiffs, she said, "intended to make an investment for our retirement." *Page 3 
Defendant admits the initial land holding was for investment purposes. The auditor maintains this intent changed after receiving the Beam offer and then subdividing into individual lots. That, he concludes, converted the investment aim to a business venture with a clear intent to liquidate the business holdings at a profit.
 II. ANALYSIS
The legal question before the court is whether the exchange of Plaintiffs' property interests meets the statutory non-recognition requirements of IRC section 1031.[1] In interpreting a federal statute, the court must look to federal principles of statutory construction. Butler v. Dept. of Rev., 14 OTR 195, 199 (1997). The "task is to identify and carry out the intent of Congress when it enacted" the statute. Shaw v. PACC Health Plan, Inc., 322 Or 392, 400, 908 P2d 308
(1995) (citing Pilot Life Ins. Co. v. Dedeaux, 481 US 41, 45, 107 SCt 1549,1551, 95 LEd 2d 39 (1987)). The court first looks at "language of the governing statute, guided not by "a single sentence or member of a sentence, but look[ing] to the provisions of the whole law, and to its object and policy.'" John Hancock Mut. Life Ins. Co. v. Harris Trust andSav. Bank, 510 US 86, 94-95, 114 SCt 517, 126 LEd 2d 524 (1993) (alteration in original) (quoting Pilot Life Ins. Co. v. Dedeaux, 481 US 41
at 51.)
IRC section 1031 permits an exchange of certain types of property without a recognition of gain or loss. The basic statutory requirements are that the property exchanged must be of a *Page 4 
like-kind and must be held either for investment or for productive use in the taxpayer's trade or business.[2]
According to the terms of the exchange, a taxpayer transfers property held for productive use in a trade or business or for investment, which is the relinquished property. In exchange, the taxpayer subsequently receives property to be held either for productive use in a trade or business or for investment, which is the replacement property. To defer recognition of gain or loss, the transaction must be an exchange.
There is no express definition for property "held primarily for sale" as it relates to Section 1031. Defendant suggests that the court look to the factors considered in related Section 1221 cases. As discussed inNeal T. Baker Enterprises, Inc. v. Commissioner, T.C. Memo 1998-302, those include the following:
 "1. [T]he purpose for which the property was initially acquired;
 "2. [T]he purpose for which the property was subsequently held;
 "3. [T]he extent to which improvements, if any, were made to the property by the taxpayer;
 "4. [T]he frequency, number and continuity of sales;
 "5. [T]he extent and nature of the transactions involved;
 "6. [T]he ordinary business of the taxpayer; *Page 5 
 "7. [T]he extent of advertising, promotion or other active efforts used in soliciting buyers for the sale of the property;
 "8. [T]he listing of the property with brokers; and
 "9. [T]he purpose for which the property was held at the time of sale."
On balancing those factors, the clear weight predominates towards Plaintiffs' position.
The property was acquired and maintained solely for retirement investment purposes.
As stated in Gault v. Commissioner, 332 F.2d 94, 97 (1964):
 "Where a taxpayer subdivides, spends a substantial sum improving the lots put up for sale, and realizes substantial sums through fairly regular sales, it is exceedingly difficult to escape the inference that the taxpayer had become a dealer in real estate."
(Emphasis added.)
Here, Plaintiffs did not have "fairly regular sales" of real property. In fact, they had no experience with subdividing and selling the results.
The land in question was held for many years for investment purposes. It was subdivided only to maximize the return on the initial investment. Plaintiffs had no prior experience with this sort of development endeavor; they did none of the work or supervision thereof. Instead, the Lents did the minimum required to complete the anticipated sales of the lots to Beam Construction. The court concludes that, in the year in question, Plaintiffs were not developers in the business of selling subdivision lots for a profit. *Page 6 
The property sales qualify for like kind exchange tax deferral treatment for the 2005 tax year.
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is granted. Defendant shall take all necessary actions to comply with this Decision.
Dated this day of September 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on September25, 2009. The Court filed and entered this document on September 25,2009.
[1] All references to the Internal Revenue Code (IRC) are to year 2005.
[2] IRC § 103(1) provides in relevant part:
 "(1) In General. No gain or loss shall be recognized on the exchange of property held for productive use in a trade or business or for investment if such property is exchanged solely for property of like kind which is to be held either for productive use in a trade or business or for investment.
 "(2) Exception. This subsection shall not apply to any exchange of —
 "(A) stock in trade or other property held primarily for sale,
 "(B) stocks, bonds, or notes,
 "(C) other securities or evidences of indebtedness or interest,
 "(D) interests in a partnership,
 "(E) certificates of trust or beneficial interests, or
 "(F) choses in action."